**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1465
_____

UNITED STATES OF AMERICA

v.

*KHALIL PINKNEY,
                                        Appellant

*Per Court Order dated 7/10/23

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cr-00535-001)
District Judge: Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 28, 2025

Before: SHWARTZ, KRAUSE, and PORTER, *Circuit Judges*

(Filed: January 30, 2025)

_____

OPINION[**]
_____

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**KRAUSE**, *Circuit Judge*.

Appellant Khalil Pinkney appeals from the District Court's denial of his motion to dismiss the indictment, its denial of his motion to withdraw his guilty plea, and the sentence it imposed. Because the District Court did not err in upholding Pinkney's plea and that plea included a valid appellate waiver that forecloses consideration of his sentencing claim, we will affirm.

## I. DISCUSSION[1]

Pinkney raises three arguments on appeal: (1) that the District Court erred in denying his motion to withdraw his guilty plea; (2) that the appellate waiver in his plea agreement is unenforceable; and (3) that his sentence was excessive. None is persuasive.

First, once a court accepts a defendant's guilty plea, he "is not entitled to withdraw that plea simply at his whim." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). Instead, the defendant must carry the "substantial" burden of demonstrating a "fair and just reason" for withdrawal. *Id.* (quoting Fed. R. Crim. P. 32(e), *recodified as* Fed. R. Crim. P. 11(d)(2)(B)). Garden-variety circumstances—like "[a] shift in defense tactics, a change of mind, or the fear of punishment"—do not satisfy this burden. *Id.* (quoting *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001)). Rather, to determine if it is satisfied, district courts consider: (1) "whether the defendant asserts his innocence"; (2)

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the denial of a motion to withdraw a guilty plea for abuse of discretion, *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001), and the validity and scope of an appellate waiver *de novo*, *United States v. Grimes*, 739 F.3d 125, 129 (3d Cir. 2014).

"the strength of the defendant's reasons for withdrawing the plea"; and—if, and only if, these first two criteria are met—(3) "whether the government would be prejudiced by the withdrawal." *Id.*; *see also id.* at 255.

Here, Pinkney did not satisfy any of these criteria. As to the first, he failed to assert actual innocence. True, his motion made the conclusory assertion that "he is innocent of the charges in this case and has contested his culpability from the outset," but it then proceeded only to "dispute[] he is an armed career offender" for purposes of the Armed Career Criminal Act, App. 76, not his culpability for the § 922(a)(1)(A) or § 922(g)(1) charges. Without any facts supporting actual innocence, Pinkney's argument amounts to a "[b]ald assertion[] of innocence [that is] insufficient to permit a defendant to withdraw his guilty plea." *Jones*, 336 F.3d at 252.

Pinkney also fails to meet the second criterion. His reason for withdrawal is merely "his sense that the government was no[t] being forthright with him" and "that the government refused to provide him with discovery." Opening Br. 23. But neither his motion nor his brief substantiates these propositions, and unsupported innuendo falls far short of the requisite "fair and just reason" for withdrawal. *Jones*, 336 F.3d at 252.

As Pinkney failed to meet the first two criteria, the Government "need not show . . . prejudice" at the third, *id.* at 255, and the District Court properly denied his motion for withdrawal.[2]

---

[2] Pinkney also argues that the District Court should have held a hearing on his motion to withdraw. Since he did not raise this issue in the District Court, we review for plain error, *see United States v. Brito*, 979 F.3d 185, 190 (3d Cir. 2020), and Pinkney explains neither what a hearing would have revealed nor how the District Court erred by not

3

Second, because Pinkney's guilty plea is valid, so is the appellate waiver it contains unless Pinkney can show it is unenforceable. We consider three elements to determine a waiver's enforceability: (1) whether it was entered knowingly and voluntarily; (2) whether the scope of the waiver encompasses the claims advanced on appeal; and (3) "whether enforcing the waiver would work a miscarriage of justice." *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008) (quoting *United States v. Jackson*, 523 F.3d 234, 243–44 (3d Cir. 2008)).

Here, these considerations favor enforcement. While Pinkney argues that his own failure to adhere to the plea agreement should preclude the Government from "selective[ly] enforc[ing]" its appellate waiver, Opening Br. 16, he offers no authority for this argument, and we reject it. Pinkney's breach of the plea deal may have relieved the Government of its corresponding obligation, but it has no bearing on the enforcement of his appellate waiver. Nor would enforcement work a miscarriage of justice as the miscarriage-of-justice exception is reserved for extraordinary cases and must "be applied sparingly and without undue generosity," *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (quoting *United States v. Teeter*, 257 F.3d 14, 26 (1st Cir. 2001)), and the District Court's within-Guidelines sentence that did not exceed the statutory maximum for his offense presents no such extraordinary circumstance.

---

holding one. Accordingly, we conclude the District Court did not err at all, let alone plainly.

4

Finally, because the appellate waiver is enforceable and includes Pinkney's challenge to his sentence, we have no occasion to reach the merits of that claim or any other.[3]

## II. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.

---

[3] Even if we reached the merits of Pinkney's waived claims, we would still affirm. First, the District Court correctly denied his motion to dismiss the indictment because, even if there was error in the charging document's language, it was, at most, harmless. *See United States v. Stevenson*, 832 F.3d 412, 428 (3d Cir. 2016). Second, because the District Court recognized its authority to depart downward under U.S.S.G. § 5K2.16 and declined to do so, we lack jurisdiction to review that "discretionary decision." *United States v. Valentin*, 118 F.4th 579, 590 (3d Cir. 2024). Finally, Pinkney's sentence was both procedurally and substantively reasonable. For starters, he failed to preserve his procedural-reasonableness challenge because he did not raise it in the District Court. *See United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). In any event, the District Court thoroughly explained its sentence and the § 3553(a) factors, *see United States v. Merced*, 603 F.3d 203, 215–16 (3d Cir. 2010), and Pinkney's contention that the Court did not give enough weight to COVID-19 conditions does not render his sentence substantively unreasonable, *see United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007).